UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

ANTHONY GAINES,

                      Plaintiff,                Case No. 2:13-cv-255

v.                                         Honorable R. Allan Edgar

JEFFREY WOODS, et al.,

                      Defendants.

_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.
The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation
Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any
prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a
claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such
relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro
se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's
allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504
U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure
to state a claim against Defendant Woods.  The Court will serve the complaint against Defendant
Osborn.

**Factual Allegations**

Plaintiff Anthony Gaines, a Michigan state prisoner incarcerated at the Earnest C. Brooks Correctional Facility (LRF), filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Jeffrey Woods and Corrections Officer Unknown Osborn, who were both employed at the Chippewa Correctional Facility (URF) during the pertinent time period.  In his complaint, Plaintiff alleges that he suffers from "serious chronic and potentially fatal illnesses, including Hepatitis C.  Plaintiff states that his medical condition requires him to urinate and defecate more often than normal.  Plaintiff states that, as a result, he requires unlimited access to toilet facilities.

Plaintiff states that between July 14, 2012, and August 11, 2012, Defendants Osborn and Woods ignored his requests to use the bathroom, and denied him access to the bathroom for periods of up to four and one-half hours, causing Plaintiff to suffer pain and distress.  Plaintiff states that Defendant Osborn was aware of his medical condition.  Plaintiff asserts that on some occasions he was unable to control his bladder and was forced to urinate on himself in front of others.  Plaintiff further states that on one occasion he both urinated and defecated on himself, causing him to suffer humiliation.  Plaintiff alleges that Defendant Osborn also taunted Plaintiff regarding his medical condition and did not allow Plaintiff to change his clothing for four and one-half hours after Plaintiff defecated on himself.  Plaintiff states that Defendant Osborn was motivated by a desire to discourage Plaintiff from filing grievances.  Plaintiff states that he wrote to Defendant Woods on July 25, 2012, and requested assistance, to no avail.

Plaintiff claims that Defendants conduct violated his rights under the First and Eighth Amendments.  Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

**Discussion**

I.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Liability under Section 1983 must be based on more than merely the right to control employees.  *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*.  *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325.  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights.  *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985).  However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct.  *Leach*, 891 F.2d at 1246.  Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or

predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992).  In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991).  In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988).  Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendant Woods was personally involved in the activity which forms the basis of his claim.  Defendant Woods' only role in this action involve the denial of administrative grievances or the failure to act.  Defendant Woods cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000).  Accordingly, the Court concludes that Plaintiff's claims against Defendant Woods are properly dismissed for lack of personal involvement.

Plaintiff's claims against Defendant Osborn are not clearly frivolous. Therefore, they are not properly dismissed on initial screening.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Woods will be dismissed for failure to state a claim pursuant to 28 U.S.C.

- 5 -

__AUTO__

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against

Defendant Osborn.

        An Order consistent with this Opinion will be entered.


Dated:          10/3/2013                      */s/ R. Allan Edgar*
                                                   R. Allan Edgar
                                                   United States District Judge